XAVIER BECERRA
Attorney General of California
ROBERT BYRNE
Senior Assistant Attorney General
GARY E. TAVETIAN (CA Bar No. 117135)
Supervising Deputy Attorney General
JOSHUA M. CAPLAN (CA Bar No. 245469)
JOHN SASAKI (CA Bar No. 202161)
Deputy Attorneys General
State Bar No. 245469
  600 West Broadway, Suite 1800
  San Diego, CA 92186-5266
  Telephone: (619) 738-9303
  Fax: (619) 645-2271
  E-mail: Gary.Tavetian@doj.ca.gov
  E-mail: Josh.Caplan@doj.ca.gov
  E-mail: John.Sasaki@doj.ca.gov

ED OCHOA
Senior Assistant Attorney General
DAVID A. ZONANA (CA Bar No. 196029)
Supervising Deputy Attorney General
JOSHUA R. PURTLE (CA Bar No. 298215)
Deputy Attorney General
  1515 Clay Street, Suite 2000
  Oakland, CA 94612
  Telephone: (510) 879-1248
  Fax: (619) 645-2271
  E-mail: David.Zonana@doj.ca.gov
  E-mail: Joshua.Purtle@doj.ca.gov

*Attorneys for Plaintiff the People of the State of California*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA,<br><br>                                    Plaintiff,<br><br>           v.<br><br>DAIMLER AG, AND MERCEDES-BENZ USA, LLC,<br><br>                                    Defendants. | CASE NO. 1:20-cv-02565<br><br>CALIFORNIA PARTIAL CONSENT DECREE |

1

1    WHEREAS, Plaintiff the People of the State of California (the "State of
2    California"), acting by and through Xavier Becerra, Attorney General of the State
3    of California ("the California Attorney General," as specifically defined below),
4    and the California Air Resources Board ("CARB," as specifically defined below)
5    (collectively, "California") filed a complaint (the "California Complaint") in this
6    action on September 14, 2020, against Daimler AG and Mercedes-Benz USA, LLC,
7    (collectively, "Defendants," as specifically defined below).  In the California
8    Complaint, CARB alleges that Defendants violated certain provisions of California
9    law, including without limitation California Health and Safety Code sections
10   43016, 43106, 43151, 43152, 43153, 43205, 43211, and 43212; 13 C.C.R. §§ 1961,
11   1961.2, 1965, 1968.2, and 2037; and 42 U.S.C. § 7604 and 40 C.F.R. § 54.3 with
12   regard to the certification, distribution, and sale in California of approximately
13   36,946  Model Year 2009 to 2016 BlueTEC II diesel vehicles (the "Subject
14   Vehicles," as specifically defined below).  For his part, the California Attorney
15   General alleges that Defendants, through their violation of the sections of California
16   Health and Safety Code and Code of Regulations pled by CARB, engaged in
17   unlawful business acts or practices, within the meaning of California Business and
18   Professions Code § 17200 et seq.  Collectively CARB's and the California Attorney
19   General's claims are referred to herein as the "California Claims";

20   WHEREAS, the California Complaint alleges, among other things, that the
21   Subject Vehicles contain undisclosed Auxiliary Emission Control Devices
22   ("AECDs") and prohibited Defeat Devices, as well as several unreported,
23   unapproved running changes and field fixes, that have resulted in, and continue to
24   result in, increased NOx emissions from each Subject Vehicle significantly in
25   excess of California limits;

26

27

28

2

1   WHEREAS, Defendants deny the allegations in the California Complaint and

2   do not admit any liability to California or otherwise arising out of or in connection

3   with the allegations in the California Complaint;

4   WHEREAS, Defendants and California intend to resolve certain aspects of

5   the California Claims through the entry of a consent decree among the United

6   States, California, and the Defendants (the "Daimler/US/CA Consent Decree")

7   concerning the Subject Vehicles, lodged on September 14, 2020, that, among other

8   things, establishes an emission modification program offering Eligible Vehicle

9   owners an approved emission modification ("AEM") to be applied to Eligible

10  Vehicles, establishes a post-AEM testing program to ensure continued compliance

11  of modified Eligible Vehicles, requires Defendants to implement certain corporate

12  compliance policies and practices, and requires Defendants to make a civil penalty

13  payment of $131,250,000.00 to CARB and a separate penalty payment of

14  $42,707,900.00 to CARB for certain additional on-board diagnostic ("OBD")

15  noncompliances;

16  WHEREAS, Defendants and California have agreed, through this partial

17  consent decree ("California Partial Consent Decree"), to resolve the remaining

18  aspects of the California Claims related to the Subject Vehicles without the need for

19  litigation;

20  WHEREAS, Defendants and the California Attorney General have agreed,

21  through the California Partial Consent Decree, to resolve the California Attorney

22  General's allegations that Defendants engaged in unlawful business acts or

23  practices, within the meaning of California Business and Professions Code § 17200,

24  by virtue of having violated the following statutes and regulations: California

25  Health & Safety Code sections 43016, 43151, 43152, 43153 and 43211; California

26  Code of Regulations, Title 13, sections 1961, 1961.2, 1965, 1968.2, and 2037; 42

27

28

1   U.S.C. section 7604 and Code of Federal Regulations, Title 40, section 54.3 (the

2   "California Unfair Competition Claims").

3      WHEREAS, this California Partial Consent Decree provides certain

4   injunctive and monetary relief to California, including in the form of environmental

5   mitigation funds that are intended to fully mitigate the total lifetime excess NOx

6   emissions from Subject Vehicles in California;

7      WHEREAS, nothing in this Consent Decree shall constitute an admission of

8   any fact or law by any Party, including as to any factual or legal assertion set forth

9   in the California Complaint, except for the purpose of enforcing the terms or

10  conditions set forth herein;

11     WHEREAS, the Parties recognize, and the Court by entering this Consent

12  Decree finds, that this Consent Decree has been negotiated by the Parties in good

13  faith and will avoid litigation among the Parties regarding certain aspects of the

14  California Claims, and that this Consent Decree is fair, reasonable, and in the public

15  interest; and

16     WHEREAS, this Consent Decree and the Daimler/US/CA Consent Decree

17  together form an integrated resolution of the California Claims, and that, as set forth

18  herein, this Consent Decree will not become effective unless and until the

19  Daimler/US/CA Consent Decree is entered or the Court grants a motion entering

20  the Daimler/US/CA Consent Decree.

21     NOW, THEREFORE, before the taking of any testimony, without the

22  adjudication of any issue of fact or law, and with the consent of the Parties, IT IS

23  HEREBY ADJUDGED, ORDERED, AND DECREED as follows:

24          **I.      JURISDICTION AND VENUE**

25     1.  The Court has jurisdiction over the subject matter of this action pursuant

26  to 28 U.S.C. § 1331, and over the Parties to the extent limited by this Paragraph.

27  Venue lies in this District pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 1407.

28

4

The Court has supplemental jurisdiction over California's state law claims pursuant to 28 U.S.C. § 1367. For purposes of this Consent Decree, or in any action to enforce this Consent Decree, the Parties agree to and Defendants consent to this Court's jurisdiction over this Consent Decree and over any action to enforce this Consent Decree, and over Defendants, and consent to venue in this judicial district. Defendants reserve the right to challenge and oppose any claims to jurisdiction that do not arise from the Court's jurisdiction over this Consent Decree or an action to enforce this Consent Decree.

2. For purposes of this Consent Decree only, Defendants agree that the California Complaint states claims upon which relief may be granted pursuant to: California Health and Safety Code sections 43016, 43106, 43151, 43152, 43153, 43205, 43211, and 43212; California Business and Professions Code § 17200 et seq.; 13 C.C.R. §§ 1961, 1961.2, 1965, 1968.2, and 2037; and 42 U.S.C. § 7604 and 40 C.F.R. § 54.3.

## II.   APPLICABILITY

3. The obligations of this Consent Decree apply to and are binding upon California, and upon Defendants and any successors, assigns, or other entities or persons otherwise bound by law.

4. No transfer of ownership or operation, whether in compliance with the procedures of this Paragraph or otherwise, shall relieve Defendants of their obligation to ensure that the terms of this Decree are implemented. At least 30 Days prior to such transfer, Defendants shall provide a copy of this Consent Decree to the proposed transferee and shall simultaneously provide written notice of the prospective transfer, together with a copy of the proposed written agreement, to California, in accordance with Section X (Notices). Notwithstanding the foregoing, the provisions of this Paragraph do not apply to a transfer of ownership or operations between or among Daimler group companies.

5.   Defendants shall provide a copy of this Consent Decree to the members of their respective Board of Management and/or Board of Directors and to their officers and executives whose duties might reasonably include compliance with, or oversight over compliance with, any provision of this Consent Decree.  Defendants shall also ensure that any contractors retained to perform work required under the material terms of this Consent Decree, agents, or employees whose duties might reasonably include compliance with any provision of this Consent Decree are made aware of those requirements of the Consent Decree relevant to their performance.

6.   In any action to enforce this Consent Decree, Defendants shall not raise as a defense the failure by any of their respective officers, directors, employees, agents, or contractors to take any actions necessary to comply with the provisions of this Consent Decree.

## III.   DEFINITIONS

7.   Terms that are defined in this Consent Decree are defined for purposes of this Consent Decree only and are not applicable for any other purpose.  Whenever the terms set forth below are used in this Consent Decree, the following definitions shall apply:

a. "Auxiliary Emission Control Device" has the meaning set forth in 40 C.F.R. § 86.1803-01.

b. "Business Day" means a calendar day that does not fall on a Saturday, Sunday, or federal or California holiday.  In computing any period of time under this Consent Decree, where the last Day would fall on a Saturday, Sunday, or federal or California holiday, the period shall run until the close of business of the next Business Day;

c. "California" means the People of the State of California, acting by and through the California Attorney General and California Air Resources Board,

6

and where it is used to refer to specific statutes or regulations only, it means the State of California;

   d. "California Attorney General" means the California Attorney General's Office and any of its successor departments or agencies;

   e. "California Complaint" means the complaint filed by California in this action;

   f. "CARB" means the California Air Resources Board and any of its successor departments or agencies;

   g. "Consent Decree" or "California Partial Consent Decree" means this partial consent decree;

   h. "California Unfair Competition Claims" means the California Attorney General's allegations that Defendants engaged in unlawful business acts or practices, within the meaning of California Business and Professions Code § 17200, by virtue of having violated the following statutes and regulations: California Health & Safety Code sections 43016, 43151, 43152, 43153 and 43211; California Code of Regulations, Title 13, sections 1961, 1961.2, 1965, 1968.2, and 2037; 42 U.S.C. section 7604 and Code of Federal Regulations, Title 40, section 54.3

   i. "Daimler/US/CA Consent Decree Effective Date" means the date upon which the Daimler/US/CA Consent Decree is entered by the Court or a motion to enter the Daimler/US/CA Consent Decree is granted, whichever occurs first, as recorded on the Court's docket;

   j. "Day" means a calendar day, unless expressly stated to be a Business Day. In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or federal or California holiday, the period shall run until the close of business of the next Business Day;

CALIFORNIA PARTIAL CONSENT DECREE

k. "Defeat Device" has the meaning set forth in 40 C.F.R. § 86.1803-01.

l. "Defendants" means the entities named in the California Complaint, specifically, Daimler AG and Mercedes-Benz USA, LLC;

m. "Effective Date" has the meaning set forth in Section XI below;

n. "EPA" means the United States Environmental Protection Agency and any of its successor departments or agencies; and

o. "Subject Vehicles" means any vehicles identified in Appendix B, Attachment I to the Daimler/US/CA Consent Decree, that Defendants sold or offered for sale in, or introduced or delivered for introduction into commerce in the United States or its Territories, or imported into the United States or its Territories, and that are or were purported to have been covered by the EPA test groups and/or CARB test groups listed in Appendix B, Attachment I of the Daimler/US/CA Consent Decree.

## IV.   <u>INJUNCTIVE PROVISIONS</u>

8.   Under California Business and Professions Code § 17203, Defendants and Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Consent Decree, whether acting directly or indirectly, are permanently enjoined from:

a. Introducing into commerce, importing, delivering, purchasing, acquiring, receiving, distributing, offering for sale, selling, offering for lease, leasing, offering for rent, renting, or assisting others in introducing into commerce, importing, delivering, purchasing, acquiring, receiving, distributing, offering for sale, selling, offering for lease, leasing, offering for rent, or renting in California any vehicle that contains a Defeat Device and/or any undisclosed AECD, or otherwise fails to comply with California Health and Safety Code sections 43016,

43106, 43151, 43152, 43153, 43205, 43211; 13 C.C.R. §§ 1961, 1961.2, 1965, 1968.2, and 2037; and 42 U.S.C. § 7604 and 40 C.F.R. § 54.3;

b. Engaging in unlawful business acts or practices, within the meaning of California Business and Professions Code § 17200 et seq., by violating California Health & Safety Code sections 43016, 43151, 43152, 43153 and 43211; 13 C.C.R. §§ 1961, 1961.2, 1965, 1968.2, and 2037; and 42 U.S.C. § 7604 and 40 C.F.R. § 54.3;

c. Failing to promptly notify CARB and the California Attorney General when Defendants have reason to believe that a Defeat Device and/or any undisclosed AECD has been included in a vehicle sold or offered for sale or distribution by Defendants in California;

d. Failing to comply with any injunctive terms obtained by the People of the State of California acting by and through CARB, by CARB, or by the United States in this or a related action concerning the Subject Vehicles, but only to the extent that the aforementioned injunctive terms apply to the Subject Vehicles or specific Defendants.

9. Defendants will submit a copy of any report filed under Paragraph 44 of the Daimler/US/CA Consent Decree to the CA AG in accordance with the Notice provisions herein.

10. Nothing in this Consent Decree alters the requirements of federal or state law to the extent they offer greater protection to the environment.

## V.   CARB MITIGATION PAYMENT

11. **CARB Mitigation Payment**. Within 30 Days of the Effective Date (as described in Section XI below), or 30 Days of the entry of this Consent Decree, whichever comes later, Defendants shall pay directly to CARB the sum of $110,000,000.00 to be used to fund mitigation actions or projects that reduce NOx emissions in California (the "CARB Mitigation Payment"). These funds shall be

deposited into the Air Pollution Control Fund, for the purpose of enhancing
CARB's mobile source emissions control program through additional certification
review, in-use evaluation, real-world testing, enforcement actions, and other CARB
activities related to the control of air pollution.

12. **Stipulated Penalties for Late CARB Mitigation Payment.** If
Defendants fail to pay the CARB Mitigation Payment required under Paragraph 11
when due, then Defendants shall, in addition to the CARB Mitigation Payment, pay
stipulated penalties directly to CARB as follows:

| Penalty Per Day | Period of Noncompliance |
|---|---|
| $20,000 | 1st through 30th Day |
| $40,000 | 31st through 45th Day |
| $80,000 | 46th Day and beyond. |

13. For purposes of the identification requirement of Section 162(f)(2)(A)(ii)
of the Internal Revenue Code, 26 U.S.C. § 162(f)(2)(A)(ii), the performance by
Defendants of Paragraphs 11–12 (CARB Mitigation Payment) is restitution or
required to come into compliance with law.

## VI.   MONETARY PROVISIONS

14. **Monetary Payment.** Within 30 Days of the Effective Date (as described
in Section XI below), or 30 Days of the entry of this Consent Decree, whichever
comes later, Defendants shall pay to the California Attorney General the sum of
$17,500,000.00 to be used by the California Attorney General, at the sole discretion
of the California Attorney General, for the future enforcement of environmental
protection laws by the California Attorney General, the promotion of
environmentally beneficial projects, and to defray the costs of the investigation
leading to this Consent Decree, the Daimler/US/CA Consent Decree, and of
California's ongoing monitoring of Defendants' compliance with these consent
decrees (the "California Future Environmental Enforcement, Investigation, and

10

Monitoring Costs"). The California Future Environmental Enforcement, Investigation, and Monitoring Costs shall be separate from and in addition to the CARB Mitigation Payment required under Section V above.

15. **Stipulated Penalties for Late Payment**. If Defendants fail to make the payment required under Paragraph 14 of this Consent Decree when due, the Defendants shall, in addition to the California Future Environmental Enforcement, Investigation, and Monitoring Costs, pay stipulated penalties directly to the California Attorney General as follows:

| Penalty Per Day | Period of Noncompliance |
| --- | --- |
| $20,000 | 1st through 30th Day |
| $40,000 | 31st through 45th Day |
| $80,000 | 46th Day and beyond. |

## VII.   DOC OBD NONCOMPLIANCE PENALTY PAYMENT

16. **Pre-Approved DOC OBD Noncompliance.** Defendants shall make one aggregate payment to CARB for the DOC OBD monitor OBD Noncompliance Defendants described to EPA/CARB on November 29, 2018, in the amount of $1,678,000 (the "Pre-Approved DOC OBD Noncompliance Penalty Payment"). Within 30 Days of the Effective Date, Defendants shall pay the penalty due under this Paragraph to CARB according to the instructions set forth in·Paragraph 18.

17. **DOC OBD Noncompliance.** If CARB determines that the DOC OBD monitor in one or more Subject Vehicles in Emission Modification Category 3, 4, 5, 6, 7, 8, or 12 contains the same OBD Noncompliance as that described by Defendants to EPA/CARB on November 29, 2018, Defendants shall pay a stipulated penalty to CARB in the following amounts, as applicable:

| Emission Modification Category | Penalty |
| --- | --- |
| Emission Modification Category 3 | $6,111,000 |
| Emission Modification Category 4 | $4,214,000 |

| | |
|---|---|
| Emission Modification Category 5 | $3,270,000 |
| Emission Modification Category 6 | $216,000 |
| Emission Modification Category 7 | $346,000 |
| Emission Modification Category 8 | $1,129,000 |
| Emission Modification Category 12 | $1,244,000 |

The penalty due to CARB under this Paragraph is due within 30 Days of the approval of the affected Emission Modification Category in accordance with Appendix B, Paragraph 5.a.i.A (Approval), Paragraph 5.a.i.B (Approval Upon Specified Conditions), or Paragraph 5.a.i.C (Approval In Part), as applicable, of the Daimler/US/CA Consent Decree, or within 30 Days of the Effective Date, whichever is later (the "DOC OBD Noncompliance Penalty Payment").

### VIII. **PAYMENT REQUIREMENTS**

18. Payments required to be made to CARB under this Consent Decree shall be issued to CARB by check, accompanied by a Payment Transmittal Form (which CARB will provide to the addressee listed in Section X (Notices) after the Effective Date), mailed to:

California Air Resources Board
Accounting Office
P.O. Box 1436
Sacramento, CA 95812-1436;

or by wire transfer, in which case Defendants shall use the following wire transfer information and send the Payment Transmittal Form to the above address prior to each wire transfer:

State of California Air Resources Board
c/o Bank of America, Inter Branch to 0148
Routing No. 0260-0959-3 Account No. 01482-80005
Notice of Transfer: Accounting Fax: (916) 322-9612

Defendants are responsible for any bank charges incurred for processing wire transfers. Except as otherwise provided by this Consent Decree, all funds paid to

12

CARB in this Consent Decree, as well as all funds paid to CARB in the Daimler/US/CA Consent Decree, shall be deposited into the Air Pollution Control Fund, for the purpose of enhancing CARB's mobile source emissions control program through additional certification review, in-use evaluation, real-world testing, enforcement actions, and other CARB activities related to the control of air pollution.

19. Payments required to be made to the California Attorney General pursuant to this Consent Decree shall be payable by wire transfer to the California Attorney General pursuant to instructions provided by the California Attorney General. Defendants are responsible for any bank charges incurred for processing wire transfers.

## IX.    EFFECT OF SETTLEMENT/RESERVATION OF RIGHTS

20. Upon the Effective Date, and subject to the reservations in Paragraph 23, Defendants' satisfaction of the requirements in this Consent Decree shall resolve, settle, and release (1) California's civil claims for the violations alleged in the California Complaint pursuant to the California Health and Safety Code (not otherwise resolved by the Daimler/US/CA Consent Decree) against Defendants, their successors, and all affiliates, parents, or subsidiaries of Defendants and any present or former directors, officers, or employees of Defendants or their affiliates, parents, or subsidiaries, provided that such persons were acting within the scope of their employment; and (2) the civil claims for relief under California Business & Professions Code § 17200 ("Section 17200") that the Attorney General alleged or could have alleged in the California Complaint regarding the Subject Vehicles based on facts disclosed by Defendants to California before the lodging of the Consent Decree, but only to the extent that those claims are predicated on allegations that Defendants engaged in unlawful business acts or practices, within the meaning of Section 17200, by virtue of having violated the following statutes

13

1    and regulations: California Health & Safety Code sections 43106, 43016, 43151,

2    43152, 43153, 43205, and 43211; California Code of Regulations, Title 13, sections

3    1961, 1961.2, 1965, 1968.2, and 2037; 42 U.S.C. section 7604 and Code of Federal

4    Regulations, Title 40, section 54.3, against Defendants, their successors, and all

5    affiliates, parents, or subsidiaries of Defendants and any present or former directors,

6    officers, or employees of Defendants or their affiliates, parents, or subsidiaries,

7    provided that such persons were acting within the scope of their employment; and

8    (3) as follows:

9        a. All claims that could have been brought by the California Attorney

10   General, in his independent enforcement capacity, pursuant to California Health &

11   Safety Code sections 43106, 43016, 43151, 43152, 43153, 43205, 43212 and

12   43211; California Vehicle Code section 27156; California Code of Regulations,

13   Title 13, sections 1903, 1961, 1961.2, 1965, 1968.2; 2037; California Civil Code

14   section 3494 and common law nuisance; 42 U.S.C. section 7604 and Code of

15   Federal Regulations, Title 40, section 54.3, but only to the extent such claims relate

16   to the Subject Vehicles and are based on facts alleged in the California Complaint

17   or facts disclosed to California before the lodging of the Consent Decree; and

18        b. All claims for costs and attorneys' fees as alleged in the California

19   Complaint.

20   21. To the extent that any claims released herein are duplicative of claims to

21   be released, settled, or resolved by California under the Daimler/US/CA Consent

22   Decree, such claims are not released unless or until the Court enters or grants a

23   motion to enter the Daimler/US/CA Consent Decree.

24   22. Neither this Consent Decree nor Defendants' consent to its entry

25   constitutes an admission by Defendants of violations alleged in the California

26   Complaint or any other allegations asserted by CARB before March 31, 2017,

27   related to the Subject Vehicles.  Defendants reserve all defenses and all rights and

28

14

remedies, legal and equitable, available to them in any action by a non-party pertaining to the Clean Air Act, or any other federal, state or local statute, rule or regulation.

23. California reserves, and this Consent Decree is without prejudice to, all claims, rights, and remedies against Defendants with respect to all matters not expressly resolved in Paragraph 20.  Notwithstanding any other provision of this Decree, California reserves all claims, rights, and remedies against Defendants with respect to:

a. Enforcement of the terms of this Consent Decree;

b. Except as specifically provided in Paragraph 20, civil penalties or further injunctive relief, including prohibitory and mandatory injunctive provisions intended to enjoin, prevent, and deter future misconduct, and/or incentivize its detection, disclosure, and/or prosecution; or to enjoin false advertising, the making of false or misleading statements or omissions, the engagement in any unfair or fraudulent business practices as prohibited by California Business and Professions Code section 17200, violation of environmental laws, violation of consumer protection laws, or the use or employment of any practice that constitutes unfair competition;

c. All rights reserved by California under the Daimler/US/CA Consent Decree, except as provided under this Consent Decree, including Paragraph 20 of this Consent Decree;

d. Any criminal liability;

e. Any part of any claims for the violations of securities laws or the California False Claims Act, California Government Code §§ 12650 *et seq.*;

f. Any and all claims for relief to consumers, including claims for restitution, refunds, rescission, damages, or disgorgement;

15

g. Any other claims of any officer or agency of the State of California other than CARB and the California Attorney General;

h. Any claims held by individual consumers.

24. This Consent Decree, including the release set forth in Paragraph 20, does not modify, abrogate, or otherwise limit the injunctive and other relief to be provided by Defendants under, nor any obligation of any party or person under, the Daimler/US/CA Consent Decree.

25. By entering into this Consent Decree, California is not enforcing the laws of other countries, including the emissions laws or regulations of any jurisdiction outside the United States. Nothing in this Consent Decree is intended to apply to, or affect, Defendants' obligations under the laws or regulations of any jurisdiction outside the United States. At the same time, the laws and regulations of other countries shall not affect Defendants' obligations under this Consent Decree.

26. This Consent Decree shall not be construed to limit the rights of California to obtain penalties or injunctive relief, except as specifically provided in Paragraph 20. California further reserves all legal and equitable remedies to address any imminent and substantial endangerment to the public health or welfare or the environment arising at any of Defendants' facilities, or posed by the Subject Vehicles, whether related to the violations addressed in this Consent Decree or otherwise.

27. In any subsequent judicial proceeding initiated by California for injunctive relief, civil penalties, or other appropriate relief relating to Defendants' violations, Defendants shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, res judicata, collateral estoppel, issue preclusion, claim preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by California in the subsequent proceeding were or

16

should have been brought in the instant case, except with respect to the claims that have been specifically released pursuant to Paragraph 20.

28. This Consent Decree is not a permit, or a modification of any permit, under any federal, State, or local laws or regulations. Defendants are each responsible for achieving and maintaining complete compliance with all applicable federal, State, and local laws, regulations, and permits; and Defendants' compliance with this Consent Decree shall be no defense to any action commenced pursuant to any such laws, regulations, or permits, except as set forth herein. California does not, by its consent to the entry of this Consent Decree, warrant or aver in any manner that Defendants' compliance with any aspect of this Consent Decree will result in compliance with provisions of the Clean Air Act, or with any other provisions of United States, State, or local laws, regulations, or permits.

29. This Consent Decree does not limit or affect the rights of Defendants or of California against any third parties not party to this Consent Decree, nor does it limit the rights of third parties not party to this Consent Decree against Defendants, except as otherwise provided by law.

30. This Consent Decree shall not be construed to create rights in, or grant any cause of action to, any third party not a party to this Consent Decree. No such third party shall be entitled to enforce any aspect of this Consent Decree or claim any legal or equitable injury for a violation of this Consent Decree.

## X.    NOTICES

31. Unless otherwise specified in this Consent Decree, whenever any notification or other communication is required by this Consent Decree, or whenever any communication is required in any action or proceeding related to or bearing upon this Consent Decree or the rights or obligations under this Consent Decree, it shall be made in writing (except that if any attachment is voluminous, it

17

1  shall be provided on a disk, hard drive, or other equivalent successor technology),

2  and shall be addressed as follows:

3      As to California:   CARB and CA AG at the email or mail addresses below,

4  as applicable

5      As to CARB by email:    DaimlerCD@arb.ca.gov

6

7      As to CARB by telephone:    (916) 322-2884

8      As to CARB by mail:    Chief Counsel

9  California Air Resources Board
    Legal Office

10  1001 I Street
    Sacramento, California 95814

11

12      As to CA AG by email:    gary.tavetian@doj.ca.gov
    josh.caplan@doj.ca.gov

13  john.sasaki@doj.ca.gov

14  David.Zonana@doj.ca.gov
    Joshua.Purtle@doj.ca.gov

15

16      As to CA AG by mail:    Gary Tavetian
    Supervising Deputy Attorney General

17  Natural Resources Law Section

18  California Department of Justice
    300 South Spring Street

19  Los Angeles, CA 90013

20

21  Robert Byrne
    Senior Assistant Attorney General

22  Natural Resources Section
    Office of the Attorney General

23  P.O. Box 944255

24  Sacramento, CA 94244-2550

25

26  David Zonana
    Supervising Deputy Attorney General
    Environment Section

27  California Department of Justice

28  1515 Clay Street, Suite 2000

18

1    Oakland, CA 94612

2
     Ed Ochoa
3    Senior Assistant Attorney General
     Environment Section
4    Office of the Attorney General
     600 West Broadway Street, Suite 1800
5    San Diego, CA 92101-3702

6

7    As to Defendants:          Gibson, Dunn & Crutcher LLP, at the email or
8                               mail addresses below, as applicable

9                               Daimler AG, at the email or mail addresses
10                              below, as applicable

11                             Mercedes-Benz USA, LLC, at the email or mail
12                              addresses below, as applicable

13   As to one or more of the
14   Defendants by email:       rludwiszewski@gibsondunn.com
                                sfletcher@gibsondunn.com
15                              dirk.lindemann@daimler.com
16                              hendrik.heitsch@daimler.com
                                matthew.j.everitt@mbusa.com
17                              anthony.zepf@mbusa.com

18
     As to one or more of the
19   Defendants by mail:        Raymond B. Ludwiszewski
20                              Stacie B. Fletcher
                                GIBSON, DUNN & CRUTCHER LLP
21                              1050 Connecticut Avenue Northwest
22                              Washington, District of Columbia 20036

23                              Dirk Lindemann
24                              Hendrik Heitsch
                                DAIMLER AG
25                              Mercedesstraße 120
26                              Building 120, Floor 8
                                (HPC 096 – F 387)
27                              70327 Stuttgart

28
                                   19

Matthew J. Everitt
Anthony D. Zepf
MERCEDES-BENZ USA, LLC
One Mercedes-Benz Drive
Sandy Springs, GA 30328-4312

32. Any party may, by written notice to the other parties, change its designated notice recipient or notice address provided above.

## XI. **EFFECTIVE DATE**

33. The Effective Date of this Consent Decree shall be deemed to be the Daimler/US/CA Consent Decree Effective Date.  If the Daimler/US/CA Consent Decree Effective Date occurs before this Consent Decree is entered or the Court grants a motion to enter this Consent Decree, the Parties shall have no obligations under this Consent Decree until it is entered or a motion to enter this Consent Decree is granted, whichever occurs first, as recorded on the Court's docket.

## XII.  **RETENTION OF JURISDICTION**

34. The Court shall retain jurisdiction over this case until termination of this Consent Decree, for the purpose of resolving disputes arising under this Consent Decree, entering orders modifying this Consent Decree, or effectuating or enforcing compliance with the terms of this Consent Decree.

## XIII. **SIGNATORIES/SERVICE**

35. Each undersigned representative of Defendants and California certifies that he or she is fully authorized to enter into the terms and conditions of this Consent Decree and to execute and legally bind the Party he or she represents to this document.  The California Attorney General and CARB represent that they have the authority to execute this Consent Decree on behalf of California and that, upon entry, this Consent Decree is a binding obligation enforceable against California under applicable law.

CALIFORNIA PARTIAL CONSENT DECREE

36. This Consent Decree may be signed in counterparts, and its validity shall not be challenged on that basis. For purposes of this Consent Decree, a signature page that is transmitted electronically (e.g., by facsimile or e-mailed "PDF") shall have the same effect as an original.

## XIV. INTEGRATION

37. This Consent Decree constitutes the final, complete, and exclusive agreement and understanding among the Parties with respect to the settlement embodied in this Consent Decree and supersedes all prior agreements and understandings, whether oral or written, concerning the settlement embodied herein, with the exception of the Daimler/US/CA Consent Decree. The Parties acknowledge that there are no documents, representations, inducements, agreements, understandings or promises that constitute any part of this Consent Decree or the settlement it represents other than those expressly contained or referenced in this Consent Decree.

## XV. MODIFICATION

38. The terms of this Consent Decree may be modified only by a subsequent written agreement signed by the Parties. Where the modification constitutes a material change to this Consent Decree, it shall be effective only upon approval by the Court. California will file any nonmaterial modifications with the Court. The correction of scrivener's errors will be considered non-material modifications.

## XVI. TERMINATION

39. With the exception of the Injunctive Provisions listed in Section IV, termination of this Consent Decree shall occur upon Defendants' submission of (a) the CARB Mitigation Payment required under Paragraph 11, (b) the California Future Environmental Enforcement, Investigation, and Monitoring Costs required under Paragraph 14, (c) the Pre-Approved DOC OBD Noncompliance Penalty Payment required under Paragraph 16, (d) any and all DOC Noncompliance Penalty

21

Payments required under Paragraph 16, and (e) any and all stipulated penalties required under Paragraphs 12 and 15.

40. With respect to the Injunctive Provisions listed in Section IV, termination of this Consent Decree shall occur upon termination of the Daimler/US/CA Consent Decree pursuant to Section XX of that document.

## XVII. FINAL JUDGMENT

41. Upon approval and entry of this Consent Decree by the Court, this Consent Decree shall constitute a final judgment of the Court as to California and the Defendants. The Court finds that there is no just reason for delay and therefore enters this judgment as a final judgment under Fed. R. Civ. P. 54 and 58.

Dated and entered this day of _____, 2020,

_____
UNITED STATES DISTRICT JUDGE

CALIFORNIA PARTIAL CONSENT DECREE

1  FOR THE PEOPLE OF THE STATE OF CALIFORNIA BY AND THROUGH
2  THE CALIFORNIA AIR RESOURCES BOARD:

3

4  Date: _____

                                            _____

5                                              GARY E. TAVETIAN

6                                              Supervising Deputy Attorney General
                                            JOSHUA M. CAPLAN

7                                              JOHN SASAKI

8                                              Deputy Attorneys General
                                            California Department of Justice

9                                              Office of the Attorney General

10                                             600 West Broadway, Suite 1800
                                            San Diego, CA 92101

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

23

1

FOR THE CALIFORNIA AIR RESOURCES BOARD:

2

3

Date: _____

4
                                                     MARY D. NICHOLS

5
                                                     Chair

6
  California Air Resources Board

7
  1001 I Street
  Sacramento CA 95814

8

9

10
  RICHARD W. COREY

11
  Executive Officer
  California Air Resources Board

12
  1001 I Street
  Sacramento CA 95814

13

14

15
  ELLEN M. PETER

16
  Chief Counsel
  D. ARON LIVINGSTON

17
  Assistant Chief Counsel
  ALEXANDRA KAMEL

18
  Senior Attorney
  Legal Office

19
  California Air Resources Board

20
  1001 I Street
  Sacramento CA 95814

21

22

23

24

25

26

27

28

CALIFORNIA PARTIAL CONSENT DECREE

FOR THE PEOPLE OF THE STATE OF CALIFORNIA BY AND THROUGH
XAVIER BECERRA, ATTORNEY GENERAL OF CALIFORNIA:


Date: _____

                                      _____
                                       DAVID A. ZONANA
                                       Supervising Deputy Attorney General
                                       JOSHUA R. PURTLE
                                       Deputy Attorney General
                                       California Department of Justice
                                       Office of the Attorney General
                                       1515 Clay Street, Suite 2000
                                       Oakland, CA 94612

25

FOR DAIMLER AG:


Date: _____

                               _____
DR. JÜRGEN GLEICHAUF
Vice President Legal Product
DAIMLER AG
Mercedesstraße 120
Building 120, Floor 8
(HPC 096 – F 387)
70327 Stuttgart




                               _____
DR. TORSTEN EDER
Vice President Mercedes-Benz Powertrain
DAIMLER AG
Mercedesstraße 137
Building 128, Floor 9
(HPC 019 – C 750)
70327 Stuttgart

26

CALIFORNIA PARTIAL CONSENT DECREE

1   MERCEDES-BENZ USA, LLC:

2

3   Date: _____

4                                   _____
                                    MATTHEW EVERITT
5                                   Vice President and General Counsel
                                    MERCEDES-BENZ USA, LLC
6                                   One Mercedes-Benz Drive
                                    Sandy Springs, GA 30328-4312
7

8

9                                   _____
                                    CHRISTIAN TREIBER
10                                  Vice President Customer Service
                                    MERCEDES-BENZ USA, LLC
11                                  One Mercedes-Benz Drive
                                    Sandy Springs, GA 30328-4312
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

27

COUNSEL FOR DAIMLER AG AND MERCEDES-BENZ USA, LLC

Date: _____

_____
RAYMOND B. LUDWISZEWSKI
STACIE B. FLETCHER
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue Northwest
Washington, District of Columbia 20036
Telephone:  (202) 955-8500
rludwiszewski@gibsondunn.com
sfletcher@gibsondunn.com

)

28