XAVIER BECERRA
Attorney General of California
ROBERT BYRNE
Senior Assistant Attorney General
GARY E. TAVETIAN (CA Bar No. 117135)
Supervising Deputy Attorney General
JOSHUA M. CAPLAN (CA Bar No. 245469)
JOHN SASAKI (CA Bar No. 202161)
Deputy Attorneys General
State Bar No. 245469
 600 West Broadway, Suite 1800
 San Diego, CA 92186-5266
 Telephone: (619) 738-9303
 Fax: (619) 645-2271
 E-mail: Gary.Tavetian@doj.ca.gov
 E-mail: Josh.Caplan@doj.ca.gov
 E-mail: John.Sasaki@doj.ca.gov

ED OCHOA
Senior Assistant Attorney General
DAVID A. ZONANA (CA Bar No. 196029)
Supervising Deputy Attorney General
JOSHUA R. PURTLE (CA Bar No. 298215)
Deputy Attorney General
 1515 Clay Street, Suite 2000
 Oakland, CA 94612
 Telephone: (510) 879-1248
 Fax: (619) 645-2271
 E-mail: David.Zonana@doj.ca.gov
 E-mail: Joshua.Purtle@doj.ca.gov

*Attorneys for Plaintiff the People of the State of California*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA,<br><br>                                    Plaintiff,<br><br>        v.<br><br>DAIMLER AG, AND MERCEDES-BENZ USA, LLC,<br><br>                            Defendants. | CASE NO. 1:20-cv-02565<br><br>CALIFORNIA PARTIAL CONSENT DECREE |

1

WHEREAS, Plaintiff the People of the State of California (the "State of California"), acting by and through Xavier Becerra, Attorney General of the State of California ("the California Attorney General," as specifically defined below), and the California Air Resources Board ("CARB," as specifically defined below) (collectively, "California") filed a complaint (the "California Complaint") in this action on September 14, 2020, against Daimler AG and Mercedes-Benz USA, LLC, (collectively, "Defendants," as specifically defined below).  In the California Complaint, CARB alleges that Defendants violated certain provisions of California law, including without limitation California Health and Safety Code sections 43016, 43106, 43151, 43152, 43153, 43205, 43211, and 43212; 13 C.C.R. §§ 1961, 1961.2, 1965, 1968.2, and 2037; and 42 U.S.C. § 7604 and 40 C.F.R. § 54.3 with regard to the certification, distribution, and sale in California of approximately 36,946  Model Year 2009 to 2016 BlueTEC II diesel vehicles (the "Subject Vehicles," as specifically defined below).  For his part, the California Attorney General alleges that Defendants, through their violation of the sections of California Health and Safety Code and Code of Regulations pled by CARB, engaged in unlawful business acts or practices, within the meaning of California Business and Professions Code § 17200 et seq.  Collectively CARB's and the California Attorney General's claims are referred to herein as the "California Claims";

WHEREAS, the California Complaint alleges, among other things, that the Subject Vehicles contain undisclosed Auxiliary Emission Control Devices ("AECDs") and prohibited Defeat Devices, as well as several unreported, unapproved running changes and field fixes, that have resulted in, and continue to result in, increased NOx emissions from each Subject Vehicle significantly in excess of California limits;

CALIFORNIA PARTIAL CONSENT DECREE

1    WHEREAS, Defendants deny the allegations in the California Complaint and

2    do not admit any liability to California or otherwise arising out of or in connection

3    with the allegations in the California Complaint;

4    WHEREAS, Defendants and California intend to resolve certain aspects of

5    the California Claims through the entry of a consent decree among the United

6    States, California, and the Defendants (the "Daimler/US/CA Consent Decree")

7    concerning the Subject Vehicles, lodged on September 14, 2020, that, among other

8    things, establishes an emission modification program offering Eligible Vehicle

9    owners an approved emission modification ("AEM") to be applied to Eligible

10   Vehicles, establishes a post-AEM testing program to ensure continued compliance

11   of modified Eligible Vehicles, requires Defendants to implement certain corporate

12   compliance policies and practices, and requires Defendants to make a civil penalty

13   payment of $131,250,000.00 to CARB and a separate penalty payment of

14   $42,707,900.00 to CARB for certain additional on-board diagnostic ("OBD")

15   noncompliances;

16   WHEREAS, Defendants and California have agreed, through this partial

17   consent decree ("California Partial Consent Decree"), to resolve the remaining

18   aspects of the California Claims related to the Subject Vehicles without the need for

19   litigation;

20   WHEREAS, Defendants and the California Attorney General have agreed,

21   through the California Partial Consent Decree, to resolve the California Attorney

22   General's allegations that Defendants engaged in unlawful business acts or

23   practices, within the meaning of California Business and Professions Code § 17200,

24   by virtue of having violated the following statutes and regulations: California

25   Health & Safety Code sections 43016, 43151, 43152, 43153 and 43211; California

26   Code of Regulations, Title 13, sections 1961, 1961.2, 1965, 1968.2, and 2037; 42

27

28

3

U.S.C. section 7604 and Code of Federal Regulations, Title 40, section 54.3 (the "California Unfair Competition Claims").

WHEREAS, this California Partial Consent Decree provides certain injunctive and monetary relief to California, including in the form of environmental mitigation funds that are intended to fully mitigate the total lifetime excess NOx emissions from Subject Vehicles in California;

WHEREAS, nothing in this Consent Decree shall constitute an admission of any fact or law by any Party, including as to any factual or legal assertion set forth in the California Complaint, except for the purpose of enforcing the terms or conditions set forth herein;

WHEREAS, the Parties recognize, and the Court by entering this Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good faith and will avoid litigation among the Parties regarding certain aspects of the California Claims, and that this Consent Decree is fair, reasonable, and in the public interest; and

WHEREAS, this Consent Decree and the Daimler/US/CA Consent Decree together form an integrated resolution of the California Claims, and that, as set forth herein, this Consent Decree will not become effective unless and until the Daimler/US/CA Consent Decree is entered or the Court grants a motion entering the Daimler/US/CA Consent Decree.

NOW, THEREFORE, before the taking of any testimony, without the adjudication of any issue of fact or law, and with the consent of the Parties, IT IS HEREBY ADJUDGED, ORDERED, AND DECREED as follows:

## I.      JURISDICTION AND VENUE

1.   The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331, and over the Parties to the extent limited by this Paragraph. Venue lies in this District pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 1407.

4

The Court has supplemental jurisdiction over California's state law claims pursuant to 28 U.S.C. § 1367.  For purposes of this Consent Decree, or in any action to enforce this Consent Decree, the Parties agree to and Defendants consent to this Court's jurisdiction over this Consent Decree and over any action to enforce this Consent Decree, and over Defendants, and consent to venue in this judicial district. Defendants reserve the right to challenge and oppose any claims to jurisdiction that do not arise from the Court's jurisdiction over this Consent Decree or an action to enforce this Consent Decree.

2.   For purposes of this Consent Decree only, Defendants agree that the California Complaint states claims upon which relief may be granted pursuant to: California Health and Safety Code sections 43016, 43106, 43151, 43152, 43153, 43205, 43211, and 43212; California Business and Professions Code § 17200 et seq.; 13 C.C.R. §§ 1961, 1961.2, 1965, 1968.2, and 2037; and 42 U.S.C. § 7604 and 40 C.F.R. § 54.3.

## II.   APPLICABILITY

3.   The obligations of this Consent Decree apply to and are binding upon California, and upon Defendants and any successors, assigns, or other entities or persons otherwise bound by law.

4.   No transfer of ownership or operation, whether in compliance with the procedures of this Paragraph or otherwise, shall relieve Defendants of their obligation to ensure that the terms of this Decree are implemented.  At least 30 Days prior to such transfer, Defendants shall provide a copy of this Consent Decree to the proposed transferee and shall simultaneously provide written notice of the prospective transfer, together with a copy of the proposed written agreement, to California, in accordance with Section X (Notices).  Notwithstanding the foregoing, the provisions of this Paragraph do not apply to a transfer of ownership or operations between or among Daimler group companies.

5

5.   Defendants shall provide a copy of this Consent Decree to the members of their respective Board of Management and/or Board of Directors and to their officers and executives whose duties might reasonably include compliance with, or oversight over compliance with, any provision of this Consent Decree.  Defendants shall also ensure that any contractors retained to perform work required under the material terms of this Consent Decree, agents, or employees whose duties might reasonably include compliance with any provision of this Consent Decree are made aware of those requirements of the Consent Decree relevant to their performance.

6.   In any action to enforce this Consent Decree, Defendants shall not raise as a defense the failure by any of their respective officers, directors, employees, agents, or contractors to take any actions necessary to comply with the provisions of this Consent Decree.

## III.   DEFINITIONS

7.   Terms that are defined in this Consent Decree are defined for purposes of this Consent Decree only and are not applicable for any other purpose.  Whenever the terms set forth below are used in this Consent Decree, the following definitions shall apply:

a. "Auxiliary Emission Control Device" has the meaning set forth in 40 C.F.R. § 86.1803-01.

b. "Business Day" means a calendar day that does not fall on a Saturday, Sunday, or federal or California holiday.  In computing any period of time under this Consent Decree, where the last Day would fall on a Saturday, Sunday, or federal or California holiday, the period shall run until the close of business of the next Business Day;

c. "California" means the People of the State of California, acting by and through the California Attorney General and California Air Resources Board,

6

1 and where it is used to refer to specific statutes or regulations only, it means the
2 State of California;
3    d. "California Attorney General" means the California Attorney
4 General's Office and any of its successor departments or agencies;
5    e. "California Complaint" means the complaint filed by California in
6 this action;
7    f.  "CARB" means the California Air Resources Board and any of its
8 successor departments or agencies;
9    g. "Consent Decree" or "California Partial Consent Decree" means this
10 partial consent decree;
11    h. "California Unfair Competition Claims" means the California
12 Attorney General's allegations that Defendants engaged in unlawful business acts
13 or practices, within the meaning of California Business and Professions Code
14 § 17200, by virtue of having violated the following statutes and regulations:
15 California Health & Safety Code sections 43016, 43151, 43152, 43153 and 43211;
16 California Code of Regulations, Title 13, sections 1961, 1961.2, 1965, 1968.2, and
17 2037; 42 U.S.C. section 7604 and Code of Federal Regulations, Title 40, section
18 54.3
19    i. "Daimler/US/CA Consent Decree Effective Date" means the date
20 upon which the Daimler/US/CA Consent Decree is entered by the Court or a
21 motion to enter the Daimler/US/CA Consent Decree is granted, whichever occurs
22 first, as recorded on the Court's docket;
23    j. "Day" means a calendar day, unless expressly stated to be a
24 Business Day.  In computing any period of time under this Consent Decree, where
25 the last day would fall on a Saturday, Sunday, or federal or California holiday, the
26 period shall run until the close of business of the next Business Day;
27
28

7

1               k. "Defeat Device" has the meaning set forth in 40 C.F.R. § 86.1803-

2  01.

3               l. "Defendants" means the entities named in the California Complaint,

4  specifically, Daimler AG and Mercedes-Benz USA, LLC;

5               m."Effective Date" has the meaning set forth in Section XI below;

6               n. "EPA" means the United States Environmental Protection Agency

7  and any of its successor departments or agencies; and

8               o. "Subject Vehicles" means any vehicles identified in Appendix B,

9  Attachment I to the Daimler/US/CA Consent Decree, that Defendants sold or

10  offered for sale in, or introduced or delivered for introduction into commerce in the

11  United States or its Territories, or imported into the United States or its Territories,

12  and that are or were purported to have been covered by the EPA test groups and/or

13  CARB test groups listed in Appendix B, Attachment I of the Daimler/US/CA

14  Consent Decree.

15                    **IV.**   **INJUNCTIVE PROVISIONS**

16      8.  Under California Business and Professions Code § 17203, Defendants

17  and Defendants' officers, agents, employees, and attorneys, and all other persons in

18  active concert or participation with any of them, who receive actual notice of this

19  Consent Decree, whether acting directly or indirectly, are permanently enjoined

20  from:

21               a. Introducing into commerce, importing, delivering, purchasing,

22  acquiring, receiving, distributing, offering for sale, selling, offering for lease,

23  leasing, offering for rent, renting, or assisting others in introducing into commerce,

24  importing, delivering, purchasing, acquiring, receiving, distributing, offering for

25  sale, selling, offering for lease, leasing, offering for rent, or renting in California

26  any vehicle that contains a Defeat Device and/or any undisclosed AECD, or

27  otherwise fails to comply with California Health and Safety Code sections 43016,

28

CALIFORNIA PARTIAL CONSENT DECREE

43106, 43151, 43152, 43153, 43205, 43211; 13 C.C.R. §§ 1961, 1961.2, 1965, 1968.2, and 2037; and 42 U.S.C. § 7604 and 40 C.F.R. § 54.3;

        b. Engaging in unlawful business acts or practices, within the meaning of California Business and Professions Code § 17200 et seq., by violating California Health & Safety Code sections 43016, 43151, 43152, 43153 and 43211; 13 C.C.R. §§ 1961, 1961.2, 1965, 1968.2, and 2037; and 42 U.S.C. § 7604 and 40 C.F.R. § 54.3;

        c. Failing to promptly notify CARB and the California Attorney General when Defendants have reason to believe that a Defeat Device and/or any undisclosed AECD has been included in a vehicle sold or offered for sale or distribution by Defendants in California;

        d. Failing to comply with any injunctive terms obtained by the People of the State of California acting by and through CARB, by CARB, or by the United States in this or a related action concerning the Subject Vehicles, but only to the extent that the aforementioned injunctive terms apply to the Subject Vehicles or specific Defendants.

9.   Defendants will submit a copy of any report filed under Paragraph 44 of the Daimler/US/CA Consent Decree to the CA AG in accordance with the Notice provisions herein.

10. Nothing in this Consent Decree alters the requirements of federal or state law to the extent they offer greater protection to the environment.

## V.   CARB MITIGATION PAYMENT

11. **CARB Mitigation Payment**. Within 30 Days of the Effective Date (as described in Section XI below), or 30 Days of the entry of this Consent Decree, whichever comes later, Defendants shall pay directly to CARB the sum of $110,000,000.00 to be used to fund mitigation actions or projects that reduce NOx emissions in California (the "CARB Mitigation Payment"). These funds shall be

deposited into the Air Pollution Control Fund, for the purpose of enhancing CARB's mobile source emissions control program through additional certification review, in-use evaluation, real-world testing, enforcement actions, and other CARB activities related to the control of air pollution.

12. **Stipulated Penalties for Late CARB Mitigation Payment**.  If Defendants fail to pay the CARB Mitigation Payment required under Paragraph 11 when due, then Defendants shall, in addition to the CARB Mitigation Payment, pay stipulated penalties directly to CARB as follows:

| Penalty Per Day | Period of Noncompliance |
| --- | --- |
| $20,000 | 1st through 30th Day |
| $40,000 | 31st through 45th Day |
| $80,000 | 46th Day and beyond. |

13. For purposes of the identification requirement of Section 162(f)(2)(A)(ii) of the Internal Revenue Code, 26 U.S.C. § 162(f)(2)(A)(ii), the performance by Defendants of Paragraphs 11–12 (CARB Mitigation Payment) is restitution or required to come into compliance with law.

## VI.    **MONETARY PROVISIONS**

14. **Monetary Payment**.  Within 30 Days of the Effective Date (as described in Section XI below), or 30 Days of the entry of this Consent Decree, whichever comes later, Defendants shall pay to the California Attorney General the sum of $17,500,000.00 to be used by the California Attorney General, at the sole discretion of the California Attorney General, for the future enforcement of environmental protection laws by the California Attorney General, the promotion of environmentally beneficial projects, and to defray the costs of the investigation leading to this Consent Decree, the Daimler/US/CA Consent Decree, and of California's ongoing monitoring of Defendants' compliance with these consent decrees (the "California Future Environmental Enforcement, Investigation, and

10

Monitoring Costs"). The California Future Environmental Enforcement, Investigation, and Monitoring Costs shall be separate from and in addition to the CARB Mitigation Payment required under Section V above.

15. **Stipulated Penalties for Late Payment**. If Defendants fail to make the payment required under Paragraph 14 of this Consent Decree when due, the Defendants shall, in addition to the California Future Environmental Enforcement, Investigation, and Monitoring Costs, pay stipulated penalties directly to the California Attorney General as follows:

| Penalty Per Day | Period of Noncompliance |
|---|---|
| $20,000 | 1st through 30th Day |
| $40,000 | 31st through 45th Day |
| $80,000 | 46th Day and beyond. |

## VII. DOC OBD NONCOMPLIANCE PENALTY PAYMENT

16. **Pre-Approved DOC OBD Noncompliance.** Defendants shall make one aggregate payment to CARB for the DOC OBD monitor OBD Noncompliance Defendants described to EPA/CARB on November 29, 2018, in the amount of $1,678,000 (the "Pre-Approved DOC OBD Noncompliance Penalty Payment"). Within 30 Days of the Effective Date, Defendants shall pay the penalty due under this Paragraph to CARB according to the instructions set forth in Paragraph 18.

17. **DOC OBD Noncompliance.** If CARB determines that the DOC OBD monitor in one or more Subject Vehicles in Emission Modification Category 3, 4, 5, 6, 7, 8, or 12 contains the same OBD Noncompliance as that described by Defendants to EPA/CARB on November 29, 2018, Defendants shall pay a stipulated penalty to CARB in the following amounts, as applicable:

| Emission Modification Category | Penalty |
|---|---|
| Emission Modification Category 3 | $6,111,000 |
| Emission Modification Category 4 | $4,214,000 |

11

| | | |
|---|---|---|
| 1 | Emission Modification Category 5 | $3,270,000 |
| 2 | Emission Modification Category 6 | $216,000 |
| 3 | Emission Modification Category 7 | $346,000 |
| 4 | Emission Modification Category 8 | $1,129,000 |
| 5 | Emission Modification Category 12 | $1,244,000 |

The penalty due to CARB under this Paragraph is due within 30 Days of the approval of the affected Emission Modification Category in accordance with Appendix B, Paragraph 5.a.i.A (Approval), Paragraph 5.a.i.B (Approval Upon Specified Conditions), or Paragraph 5.a.i.C (Approval In Part), as applicable, of the Daimler/US/CA Consent Decree, or within 30 Days of the Effective Date, whichever is later (the "DOC OBD Noncompliance Penalty Payment").

## VIII.  **PAYMENT REQUIREMENTS**

18. Payments required to be made to CARB under this Consent Decree shall be issued to CARB by check, accompanied by a Payment Transmittal Form (which CARB will provide to the addressee listed in Section X (Notices) after the Effective Date), mailed to:

California Air Resources Board
Accounting Office
P.O. Box 1436
Sacramento, CA 95812-1436;

or by wire transfer, in which case Defendants shall use the following wire transfer information and send the Payment Transmittal Form to the above address prior to each wire transfer:

State of California Air Resources Board
c/o Bank of America, Inter Branch to 0148
Routing No. 0260-0959-3 Account No. 01482-80005
Notice of Transfer: Accounting Fax: (916) 322-9612

Defendants are responsible for any bank charges incurred for processing wire transfers.  Except as otherwise provided by this Consent Decree, all funds paid to

12

CARB in this Consent Decree, as well as all funds paid to CARB in the
Daimler/US/CA Consent Decree, shall be deposited into the Air Pollution Control
Fund, for the purpose of enhancing CARB's mobile source emissions control
program through additional certification review, in-use evaluation, real-world
testing, enforcement actions, and other CARB activities related to the control of air
pollution.

19. Payments required to be made to the California Attorney General
pursuant to this Consent Decree shall be payable by wire transfer to the California
Attorney General pursuant to instructions provided by the California Attorney
General. Defendants are responsible for any bank charges incurred for processing
wire transfers.

## IX.    EFFECT OF SETTLEMENT/RESERVATION OF RIGHTS

20. Upon the Effective Date, and subject to the reservations in Paragraph 23,
Defendants' satisfaction of the requirements in this Consent Decree shall resolve,
settle, and release (1) California's civil claims for the violations alleged in the
California Complaint pursuant to the California Health and Safety Code (not
otherwise resolved by the Daimler/US/CA Consent Decree) against Defendants,
their successors, and all affiliates, parents, or subsidiaries of Defendants and any
present or former directors, officers, or employees of Defendants or their affiliates,
parents, or subsidiaries, provided that such persons were acting within the scope of
their employment; and (2) the civil claims for relief under California Business &
Professions Code § 17200 ("Section 17200") that the Attorney General alleged or
could have alleged in the California Complaint regarding the Subject Vehicles
based on facts disclosed by Defendants to California before the lodging of the
Consent Decree, but only to the extent that those claims are predicated on
allegations that Defendants engaged in unlawful business acts or practices, within
the meaning of Section 17200, by virtue of having violated the following statutes

13

and regulations: California Health & Safety Code sections 43106, 43016, 43151, 43152, 43153, 43205, and 43211; California Code of Regulations, Title 13, sections 1961, 1961.2, 1965, 1968.2, and 2037; 42 U.S.C. section 7604 and Code of Federal Regulations, Title 40, section 54.3, against Defendants, their successors, and all affiliates, parents, or subsidiaries of Defendants and any present or former directors, officers, or employees of Defendants or their affiliates, parents, or subsidiaries, provided that such persons were acting within the scope of their employment; and (3) as follows:

a. All claims that could have been brought by the California Attorney General, in his independent enforcement capacity, pursuant to California Health & Safety Code sections 43106, 43016, 43151, 43152, 43153, 43205, 43212 and 43211; California Vehicle Code section 27156; California Code of Regulations, Title 13, sections 1903, 1961, 1961.2, 1965, 1968.2; 2037; California Civil Code section 3494 and common law nuisance; 42 U.S.C. section 7604 and Code of Federal Regulations, Title 40, section 54.3, but only to the extent such claims relate to the Subject Vehicles and are based on facts alleged in the California Complaint or facts disclosed to California before the lodging of the Consent Decree; and

b. All claims for costs and attorneys' fees as alleged in the California Complaint.

21. To the extent that any claims released herein are duplicative of claims to be released, settled, or resolved by California under the Daimler/US/CA Consent Decree, such claims are not released unless or until the Court enters or grants a motion to enter the Daimler/US/CA Consent Decree.

22. Neither this Consent Decree nor Defendants' consent to its entry constitutes an admission by Defendants of violations alleged in the California Complaint or any other allegations asserted by CARB before March 31, 2017, related to the Subject Vehicles.  Defendants reserve all defenses and all rights and

14

remedies, legal and equitable, available to them in any action by a non-party pertaining to the Clean Air Act, or any other federal, state or local statute, rule or regulation.

23. California reserves, and this Consent Decree is without prejudice to, all claims, rights, and remedies against Defendants with respect to all matters not expressly resolved in Paragraph 20.  Notwithstanding any other provision of this Decree, California reserves all claims, rights, and remedies against Defendants with respect to:

a. Enforcement of the terms of this Consent Decree;

b. Except as specifically provided in Paragraph 20, civil penalties or further injunctive relief, including prohibitory and mandatory injunctive provisions intended to enjoin, prevent, and deter future misconduct, and/or incentivize its detection, disclosure, and/or prosecution; or to enjoin false advertising, the making of false or misleading statements or omissions, the engagement in any unfair or fraudulent business practices as prohibited by California Business and Professions Code section 17200, violation of environmental laws, violation of consumer protection laws, or the use or employment of any practice that constitutes unfair competition;

c. All rights reserved by California under the Daimler/US/CA Consent Decree, except as provided under this Consent Decree, including Paragraph 20 of this Consent Decree;

d. Any criminal liability;

e. Any part of any claims for the violations of securities laws or the California False Claims Act, California Government Code §§ 12650 *et seq.*;

f. Any and all claims for relief to consumers, including claims for restitution, refunds, rescission, damages, or disgorgement;

g. Any other claims of any officer or agency of the State of California other than CARB and the California Attorney General;

h. Any claims held by individual consumers.

24. This Consent Decree, including the release set forth in Paragraph 20, does not modify, abrogate, or otherwise limit the injunctive and other relief to be provided by Defendants under, nor any obligation of any party or person under, the Daimler/US/CA Consent Decree.

25. By entering into this Consent Decree, California is not enforcing the laws of other countries, including the emissions laws or regulations of any jurisdiction outside the United States.  Nothing in this Consent Decree is intended to apply to, or affect, Defendants' obligations under the laws or regulations of any jurisdiction outside the United States.  At the same time, the laws and regulations of other countries shall not affect Defendants' obligations under this Consent Decree.

26. This Consent Decree shall not be construed to limit the rights of California to obtain penalties or injunctive relief, except as specifically provided in Paragraph 20.  California further reserves all legal and equitable remedies to address any imminent and substantial endangerment to the public health or welfare or the environment arising at any of Defendants' facilities, or posed by the Subject Vehicles, whether related to the violations addressed in this Consent Decree or otherwise.

27. In any subsequent judicial proceeding initiated by California for injunctive relief, civil penalties, or other appropriate relief relating to Defendants' violations, Defendants shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, res judicata, collateral estoppel, issue preclusion, claim preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by California in the subsequent proceeding were or

16

should have been brought in the instant case, except with respect to the claims that have been specifically released pursuant to Paragraph 20.

28. This Consent Decree is not a permit, or a modification of any permit, under any federal, State, or local laws or regulations.  Defendants are each responsible for achieving and maintaining complete compliance with all applicable federal, State, and local laws, regulations, and permits; and Defendants' compliance with this Consent Decree shall be no defense to any action commenced pursuant to any such laws, regulations, or permits, except as set forth herein.  California does not, by its consent to the entry of this Consent Decree, warrant or aver in any manner that Defendants' compliance with any aspect of this Consent Decree will result in compliance with provisions of the Clean Air Act, or with any other provisions of United States, State, or local laws, regulations, or permits.

29. This Consent Decree does not limit or affect the rights of Defendants or of California against any third parties not party to this Consent Decree, nor does it limit the rights of third parties not party to this Consent Decree against Defendants, except as otherwise provided by law.

30. This Consent Decree shall not be construed to create rights in, or grant any cause of action to, any third party not a party to this Consent Decree.  No such third party shall be entitled to enforce any aspect of this Consent Decree or claim any legal or equitable injury for a violation of this Consent Decree.

## X.    NOTICES

31. Unless otherwise specified in this Consent Decree, whenever any notification or other communication is required by this Consent Decree, or whenever any communication is required in any action or proceeding related to or bearing upon this Consent Decree or the rights or obligations under this Consent Decree, it shall be made in writing (except that if any attachment is voluminous, it

17

CALIFORNIA PARTIAL CONSENT DECREE

1 | shall be provided on a disk, hard drive, or other equivalent successor technology),

2 | and shall be addressed as follows:

3 |     As to California:   CARB and CA AG at the email or mail addresses below,

4 | as applicable

5 |     As to CARB by email:    DaimlerCD@arb.ca.gov

6

7 |     As to CARB by telephone:  (916) 322-2884

8 |     As to CARB by mail:    Chief Counsel
California Air Resources Board

9 | Legal Office

10 | 1001 I Street
Sacramento, California 95814

11

12 |     As to CA AG by email:    gary.tavetian@doj.ca.gov
josh.caplan@doj.ca.gov

13 | john.sasaki@doj.ca.gov

14 | David.Zonana@doj.ca.gov
Joshua.Purtle@doj.ca.gov

15

16 |     As to CA AG by mail:    Gary Tavetian
Supervising Deputy Attorney General

17 | Natural Resources Law Section

18 | California Department of Justice
300 South Spring Street

19 | Los Angeles, CA 90013

20

21 | Robert Byrne
Senior Assistant Attorney General

22 | Natural Resources Section
Office of the Attorney General

23 | P.O. Box 944255

24 | Sacramento, CA 94244-2550

25 | David Zonana

26 | Supervising Deputy Attorney General
Environment Section

27 | California Department of Justice

28 | 1515 Clay Street, Suite 2000

18

CALIFORNIA PARTIAL CONSENT DECREE

| | |
|---|---|
| 1 | Oakland, CA 94612 |
| 2 | |
| 3 | Ed Ochoa<br>Senior Assistant Attorney General |
| 4 | Environment Section<br>Office of the Attorney General |
| 5 | 600 West Broadway Street, Suite 1800<br>San Diego, CA 92101-3702 |
| 6 | |

As to Defendants:      Gibson, Dunn & Crutcher LLP, at the email or mail addresses below, as applicable

Daimler AG, at the email or mail addresses below, as applicable

Mercedes-Benz USA, LLC, at the email or mail addresses below, as applicable

As to one or more of the
Defendants by email:      rludwiszewski@gibsondunn.com
sfletcher@gibsondunn.com
dirk.lindemann@daimler.com
hendrik.heitsch@daimler.com
matthew.j.everitt@mbusa.com
anthony.zepf@mbusa.com

As to one or more of the
Defendants by mail:      Raymond B. Ludwiszewski
Stacie B. Fletcher
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue Northwest
Washington, District of Columbia 20036

Dirk Lindemann
Hendrik Heitsch
DAIMLER AG
Mercedesstraße 120
Building 120, Floor 8
(HPC 096 – F 387)
70327 Stuttgart

19

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Matthew J. Everitt
Anthony D. Zepf
MERCEDES-BENZ USA, LLC
One Mercedes-Benz Drive
Sandy Springs, GA 30328-4312

32. Any party may, by written notice to the other parties, change its designated notice recipient or notice address provided above.

## XI.   EFFECTIVE DATE

33. The Effective Date of this Consent Decree shall be deemed to be the Daimler/US/CA Consent Decree Effective Date.  If the Daimler/US/CA Consent Decree Effective Date occurs before this Consent Decree is entered or the Court grants a motion to enter this Consent Decree, the Parties shall have no obligations under this Consent Decree until it is entered or a motion to enter this Consent Decree is granted, whichever occurs first, as recorded on the Court's docket.

## XII.   RETENTION OF JURISDICTION

34. The Court shall retain jurisdiction over this case until termination of this Consent Decree, for the purpose of resolving disputes arising under this Consent Decree, entering orders modifying this Consent Decree, or effectuating or enforcing compliance with the terms of this Consent Decree.

## XIII. SIGNATORIES/SERVICE

35. Each undersigned representative of Defendants and California certifies that he or she is fully authorized to enter into the terms and conditions of this Consent Decree and to execute and legally bind the Party he or she represents to this document.  The California Attorney General and CARB represent that they have the authority to execute this Consent Decree on behalf of California and that, upon entry, this Consent Decree is a binding obligation enforceable against California under applicable law.

20

36. This Consent Decree may be signed in counterparts, and its validity shall not be challenged on that basis. For purposes of this Consent Decree, a signature page that is transmitted electronically (e.g., by facsimile or e-mailed "PDF") shall have the same effect as an original.

## XIV.  **INTEGRATION**

37. This Consent Decree constitutes the final, complete, and exclusive agreement and understanding among the Parties with respect to the settlement embodied in this Consent Decree and supersedes all prior agreements and understandings, whether oral or written, concerning the settlement embodied herein, with the exception of the Daimler/US/CA Consent Decree. The Parties acknowledge that there are no documents, representations, inducements, agreements, understandings or promises that constitute any part of this Consent Decree or the settlement it represents other than those expressly contained or referenced in this Consent Decree.

## XV.  **MODIFICATION**

38. The terms of this Consent Decree may be modified only by a subsequent written agreement signed by the Parties. Where the modification constitutes a material change to this Consent Decree, it shall be effective only upon approval by the Court. California will file any nonmaterial modifications with the Court. The correction of scrivener's errors will be considered non-material modifications.

## XVI.  **TERMINATION**

39. With the exception of the Injunctive Provisions listed in Section IV, termination of this Consent Decree shall occur upon Defendants' submission of (a) the CARB Mitigation Payment required under Paragraph 11, (b) the California Future Environmental Enforcement, Investigation, and Monitoring Costs required under Paragraph 14, (c) the Pre-Approved DOC OBD Noncompliance Penalty Payment required under Paragraph 16, (d) any and all DOC Noncompliance Penalty

21

Payments required under Paragraph 16, and (e) any and all stipulated penalties required under Paragraphs 12 and 15.

40. With respect to the Injunctive Provisions listed in Section IV, termination of this Consent Decree shall occur upon termination of the Daimler/US/CA Consent Decree pursuant to Section XX of that document.

## XVII. FINAL JUDGMENT

41. Upon approval and entry of this Consent Decree by the Court, this Consent Decree shall constitute a final judgment of the Court as to California and the Defendants. The Court finds that there is no just reason for delay and therefore enters this judgment as a final judgment under Fed. R. Civ. P. 54 and 58.

Dated and entered this day of _____, 2020,

_____
UNITED STATES DISTRICT JUDGE

1   FOR THE PEOPLE OF THE STATE OF CALIFORNIA BY AND THROUGH
2   THE CALIFORNIA AIR RESOURCES BOARD:

3

4   Date: August 20, 2020

5   GARY E. TAVETIAN
    Supervising Deputy Attorney General
6   JOSHUA M. CAPLAN
    JOHN SASAKI
7   Deputy Attorneys General
    California Department of Justice
8   Office of the Attorney General
    600 West Broadway, Suite 1800
9   San Diego, CA 92101

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

23

FOR THE CALIFORNIA AIR RESOURCES BOARD:

Date: _9/9/2020_

MARY D. NICHOLS
Chair
California Air Resources Board
1001 I Street
Sacramento CA 95814

RICHARD W. COREY
Executive Officer
California Air Resources Board
1001 I Street
Sacramento CA 95814

ELLEN M. PETER
Chief Counsel
D. ARON LIVINGSTON
Assistant Chief Counsel
ALEXANDRA KAMEL
Senior Attorney
Legal Office
California Air Resources Board
1001 I Street
Sacramento CA 95814

24

1   FOR THE PEOPLE OF THE STATE OF CALIFORNIA BY AND THROUGH
2   XAVIER BECERRA, ATTORNEY GENERAL OF CALIFORNIA:

3

4   Date: _August 19, 2020_

5                                           DAVID A. ZONANA
                                            Supervising Deputy Attorney General
6                                           JOSHUA R. PURTLE
                                            Deputy Attorney General
7                                           California Department of Justice
                                            Office of the Attorney General
8                                           1515 Clay Street, Suite 2000
                                            Oakland, CA 94612
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CALIFORNIA PARTIAL CONSENT DECREE

1

FOR DAIMLER AG:

2

3

Date: 13.08.2020

4

DR. JÜRGEN GLEICHAUF
Vice President Legal Product
DAIMLER AG
Mercedesstraße 120
Building 120, Floor 8
(HPC 096 – F 387)
70327 Stuttgart

5

6

7

8

9

10

11

12

DR. TORSTEN EDER
Vice President Mercedes-Benz Powertrain
DAIMLER AG
Mercedesstraße 137
Building 128, Floor 9
(HPC 019 – C 750)
70327 Stuttgart

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

26

CALIFORNIA PARTIAL CONSENT DECREE

1   MERCEDES-BENZ USA, LLC:

2

3   Date: _13 Aug 2020_

4                                             MATTHEW EVERITT
5                                             Vice President and General Counsel
                                              MERCEDES-BENZ USA, LLC
6                                             One Mercedes-Benz Drive
7                                             Sandy Springs, GA 30328-4312

8

9

10                                            CHRISTIAN TREIBER
                                              Vice President Customer Service
11                                            MERCEDES-BENZ USA, LLC
12                                            One Mercedes-Benz Drive
                                              Sandy Springs, GA 30328-4312
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CALIFORNIA PARTIAL CONSENT DECREE

1

2

COUNSEL FOR DAIMLER AG AND MERCEDES-BENZ USA, LLC

3

Date: _8/14/20_

RAYMOND B. LUDWISZEWSKI

4

STACIE B. FLETCHER

5

GIBSON, DUNN & CRUTCHER LLP

6

1050 Connecticut Avenue Northwest

7

Washington, District of Columbia 20036

Telephone:  (202) 955-8500

8

rludwiszewski@gibsondunn.com

9

sfletcher@gibsondunn.com

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

28

CALIFORNIA PARTIAL CONSENT DECREE